UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROBBIE DEAN GILL, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT DOOLEY, TAMMY DEJONG, REBECCA SCHIEFFER, KELLY SWANSON, GEORGE DEGLMAN, DENNY KLIMEK, MURIEL NAMIGA, <br><br> Defendants. | 4:15-CV-04005-LLP <br><br><br> ORDER GRANTING MOTION FOR PROTECTIVE ORDER <br><br> [DOCKET NO. 19] |

## INTRODUCTION

Plaintiff Robbie Dean Gill, an inmate at the Mike Durfee State Prison in Springfield, South Dakota, has filed a *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983. This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the October 16, 2014 standing order of the Honorable Karen E. Schreier, district judge. Defendants now move the court to stay all discovery pending the filing of a dispositive motion asserting qualified immunity. See Docket No. 19. Mr. Gill resists. See Docket No. 21.

## DISCUSSION

Liberally construed, Mr. Gill's complaint alleges the defendants have violated the Eighth Amendment prohibition against cruel and unusual

punishment by failing to give him a particular type of shoes his doctor prescribed in order to alleviate his foot and ankle pain caused by rheumatoid arthritis. Mr. Gill alleges the defendants are all aware of the physician's prescription for the shoes and of the medical necessity for the shoes, but nevertheless, and despite their lack of medical training have decided Mr. Gill does not need the shoes. Mr. Gill asserts he "lives in constant pain and has trouble walking" because of the inadequate footwear defendants have provided.

In order to show a *prima facie* case under 42 U.S.C. § 1983, Mr. Gill must show (1) defendants acted under color or state law and (2) " 'the alleged wrongful conduct deprived him of a constitutionally protected federal right.' " Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010) (quoting Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009)). The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. Allard v. Baldwin, 779 F.3d 768, 771 (8th Cir. 2015). That prohibition includes prison officials' deliberate indifference to the medical needs of inmates. Id. That is because "deliberate indifference to serious medical needs of prisoners constitutes 'the unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05.

Qualified immunity protects government officials from liability and from having to defend themselves in a civil suit if the conduct of the officials "does not violate clearly established statutory or constitutional rights." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is immunity from suit, not just a defense to liability at trial. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Therefore, the Supreme Court has "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 536 (1991).

To determine whether an official may partake of qualified immunity, two factors must be determined: (1) whether the facts that plaintiff has shown make out a violation of a constitutional right and (2) whether that constitutional right was "clearly established" at the time of the official's acts. Saucier v. Katz, 533 U.S. 194, 201 (2001). If the court finds that one of the two elements is not met, the court need not decide the other element, and the court may address the elements in any order it wishes "in light of the circumstances of the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 236 (2009). Defendants are entitled to qualified immunity if the answer to either of the Saucier prongs is "no."

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.' " Stanton v. Sims, ___ U.S. ___, 134 S. Ct. 3, 5 (2013) (quoting Ashcroft v. al-Kidd, ___ U.S. ___, 131 S. Ct. 2074, 2085 (2011) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986))).

3

" 'We do not require a case directly on point' before concluding that the law is clearly established, 'but existing precedent must have placed the statutory or constitutional question beyond debate.' " Stanton, 134 S. Ct. at 5.  " 'Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.' " Ambrose v. Young, 474 F.3d 1070, 1077 (8th Cir. 2007) (quoting Hunter v. Bryant, 502 U.S. 224, 229 (1991)).

The Supreme Court has stated that "if the defendant does plead the [qualified] immunity defense, the district court should resolve that threshold question before permitting discovery." Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (citing Harlow, 457 U.S. at 818).  Only if the plaintiff's claims survive a dispositive motion on the issue of qualified immunity will the plaintiff "be entitled to some discovery." Id.  Even then, the Court has pointed out that FED. R. CIV. P. 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Id.  Such discretion includes the ability to establish limits on the number of depositions and interrogatories, to limit the length of depositions, to limit the number of requests to admit, to bar discovery on certain subjects, and to limit the time, place, and manner of discovery as well as its timing and sequence.  Id.

Here, defendants have asserted the affirmative defense of qualified immunity.  See Docket No. 17.  Based on the above law, the court hereby

ORDERS that defendant's motion to for a protective order [Docket No. 19] is granted.  All discovery is hereby stayed until further order of the court.

4

Defendants shall file their motion based on the qualified immunity defense as soon as possible, but no later than November 30, 2015.  It is further

ORDERED that defendants shall immediately provide to Mr. Gill any and all medical records, including kites, grievances, and responses thereto, regarding medical care pertaining to himself during his period of incarceration with defendants.  This order is intended to cover all medical records for Mr. Gill for the period indicated, even if those records are in the custody of medical providers outside the South Dakota state penitentiary system.  If necessary, Mr. Gill shall sign a release allowing all his medical providers to disclose his medical records to defendants in order to effectuate this order.

DATED this 28th day of October, 2015.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge

5